The petition of the Solicitor-General to have the probation sentence of the defendant revoked was not subject to general demurrer; and the evidence amply authorized the revoking of that sentence.
 DECIDED FEBRUARY 8, 1947.
On September 28, 1946, the Solicitor-General of the Cherokee Circuit filed a petition asking that the probation sentence of Ed Young, of Murray County, Georgia, be revoked. The petition alleged that Young, on August 16, 1946, had been sentenced by the court to pay a fine of $250 and to serve 12 months in the public-works camp, but the 12-months' service could be served outside the penal camp during the defendant's good behavior, and conditioned upon his not handling intoxicants; that on September 21, 1946, the Sheriff of Murray County had found on Young's premises a large quantity of "home brew;" that Young was in possession of the home brew, and the home brew found there by the sheriff was "an intoxicant;" and therefore that Young had violated the terms of his probation sentence, and the sentence should be revoked upon a hearing by the court.
On October 4, 1946, when the hearing occurred, the defendant filed to the petition the following general demurrer: The petition should be dismissed because under its allegations it fails to show that this defendant had violated any law under the terms of his probation; it is not alleged in the petition that the "home brew" is *Page 758 
a prohibited beverage, and not alleged whether or not it is a beverage made from malt wholly or in part, there being no law in Georgia against the possession of malt beverages; and the petition fails to allege whether or not "home brew" is a malt beverage. The demurrer was overruled and exception was taken to that ruling.
After the introduction of evidence by the State (the defendant introduced none), the court revoked the probation sentence and ordered that the defendant serve the remainder of his sentence inside the penal camp; and that judgment is assigned as error.
There is no merit in the general demurrer to the petition, which shows that the defendant's probation sentence was given upon the condition that he would not handle intoxicants; and alleges that the "home brew" beverage found in the defendant's possession, several weeks after the imposition of that sentence, was an intoxicant. The cases cited in behalf of the plaintiff in error are not here applicable.
The evidence amply authorized the court to find that the beverage, found in the defendant's possession on September 21, 1946, was intoxicating liquor, and therefore that he had violated the terms of his probation sentence.
Judgment affirmed. MacIntyre and Gardner, JJ., concur.